IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| G. ELLIOTT M., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-1704-BN |
| | § | |
| ANDREW SAUL, Commissioner of | § | |
| Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff G. Elliott M. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

### Background

Plaintiff alleges that he is disabled as a result of supraventricular tachycardia (SVT), manic depressive disorder, severe anxiety, bipolar disorder, and reconstructive surgery on his leg. After his applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on July 10, 2019. *See* Dkt. No. 20-1 at 32-73. At the time of the hearing, Plaintiff was 38 years old. He has a high school equivalency diploma and past work experience as a forklift operator. Plaintiff has not engaged in substantial gainful activity since August 13, 2016.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See id.* at 16-26. Although the medical evidence established that Plaintiff suffered from SVT status post cardiac ablation, status post stab wounds to the right leg, bipolar disorder, agoraphobia, and obesity, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of light work but could not return to his past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a packer, assembler, wire sorter, eyeglass packager, semi-conductor packer and shade assembler -- jobs that exist in significant numbers in the national economy.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on two general grounds: (1) the assessment of his mental residual functional capacity is not supported by substantial evidence and results from reversible legal error and (2) the finding that he can perform other work in the national economy was based on an improper hypothetical question to the vocational expert.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage

in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1)

objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

### Analysis

Among the arguments Plaintiff makes is a single ground that compels remand –the ALJ's mental RFC finding is not supported by substantial evidence. [2]

---

[2] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

"It is the responsibility of the ALJ to interpret 'the medical evidence to determine [a claimant's] capacity for work.'" *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ makes an RFC determination based on all the relevant medical and other evidence in the record," *Gonzales v. Colvin*, No. 3:15-CV-0685-D, 2016 WL 107843, at *9 (N.D. Tex. Jan. 11, 2016) (citing 20 C.F.R. § 404.1545(a)(1)), and "is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly." *Fontenot*, 661 F. App'x at 277 (quoting *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990)). "Usually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing. The absence of such a statement, however, does not, in itself, make the record incomplete." *Ripley*, 67 F.3d at 557 (citing 20 C.F.R. § 404.1513(b)(6)). "[W]here no medical statement has been provided, [the Court's] inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Id.*; *accord Gutierrez v. Barnhart,* No. 04-11025, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005) (citation omitted).

Plaintiff contends the ALJ's mental RFC is not supported by substantial evidence for two reasons: (1) the ALJ did not identify any medical opinion as the basis for the mental RFC but instead relied on her own lay interpretation of the objective medical data and (2) the ALJ rejected the medical opinion evidence addressing the functional effect of Plaintiff's severe mental limitations.

The Commissioner does not appear to dispute that the ALJ determined Plaintiff's mental RFC based on her own interpretation of the medical records – without the assistance of a treating or examining physician. But the Commissioner responds that what Plaintiff characterizes as the ALJ substituting her opinion for that of a medical professional is actually the ALJ properly interpreting the medical evidence to determine Plaintiff's capacity for mental work. *See* Dkt. No. 23 at 6 (quoting *Taylor*, 706 F.3d at 603).

In *Ripley*, the United States Court of Appeals for the Fifth Circuit found that the ALJ's determination was not substantially supported where there was evidence in the record indicating that the claimant suffered from and received treatment for his medical condition but no medical professional's assessment of how that condition impacted the claimant's ability to work. *See Ripley,* 67 F.3d at 557. The same is true here.

At Step Two, the ALJ found that Plaintiff's severe impairments included bipolar disorder and agoraphobia. At Step Four, the ALJ determined that Plaintiff retained the mental RFC to "understand, remember, and carry out 2-3 step tasks with short, simple instructions," "make simple work-related decisions or judgments," "tolerate few/occasional workplace changes," "sustain attention for up to two-hour blocks of time without requiring redirection to tasks and any time off can be accommodated by normal breaks," and "frequently interact with co-workers and supervisors, and occasionally interact with the public." Dkt. No. 20-1 at 22.

In determining Plaintiff's mental RFC, the ALJ considered treatment notes from Lakes Regional MHMR where Plaintiff began receiving psychological care on May 24, 2017. *See* Dkt. No. 20-1 at 20, 386-90. Plaintiff was diagnosed with bipolar disorder and agoraphobia, *see id.* at 20, 387, 428, and the ALJ noted that Plaintiff underwent psychotropic medication management and psychosocial rehabilitation through June 2019. *See id.* at 20. In crafting the mental RFC, the ALJ observed that Plaintiff had not required inpatient psychiatric hospitalization during the pertinent period, nor had he required or sought any emergent or immediate outpatient mental health treatment. *See id.* at 24. And, according to the ALJ, the psychiatric records revealed that medications have been effective in controlling the claimant's symptoms. *See id.* The ALJ also gave limited weight to the Global Assessment of Functioning (GAF) score of 40 assigned to Plaintiff at his initial visit at Lakes Regional MHMR, *see id.* at 388, although she acknowledges a GAF score of 40 indicates serious impairment, *see id.* at 24. And the ALJ rejected the opinions of the State agency psychiatric consultants concerning Plaintiff's ability to work, *see id.* at 80, 108, because she found the evidence supported the presence of severe mental impairments causing a greater degree of limitation than those found by the reviewing consultants, *see id.* at 24.

But the ALJ fails to identify any evidence clearly establishing the actual effect Plaintiff's mental conditions had on his ability to work. *See Ripley*, 67 F.3d at 557. And it is improper for the ALJ to infer what Plaintiff's mental capabilities to work are based on her own interpretation of those records – at least without the assistance

of an examining or treating physician. *See id.* at 557 n.27 ("Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's condition, no matter how 'small,' on his ability to perform sedentary work.").

The United States Court of Appeals for the Fifth Circuit has explained that, as a non-medical professional, the ALJ is not permitted to "draw his own medical conclusions from some of the data, without relying on a medical expert's help." *Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003). The Court of Appeals has reasoned that "'[c]ommon sense can mislead'" and "'lay intuitions about medical phenomena are often wrong.'" *Id.* (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)).

As the undersigned noted in *Montoya v. Berryhill*, "[c]ourts have therefore consistently found that an ALJ's RFC determination is not supported by substantial evidence when the ALJ has failed to either elicit or take into account the opinion of a treating or examining physician." No. 3:16-cv-1594-D-BN, 2017 WL 3835950, at *4 (N.D. Tex. Aug. 1, 2017) (citing *Ripley*, 67 F.3d at 557-58); *see also Williams v. Astrue*, 355 F. App'x 828, 832 (5th Cir. 2009) (holding that "the ALJ impermissibly relied on his own medical opinions as to the limitations presented by 'mild to moderate stenosis' and 'posterior spurring' to develop his factual findings"); *Butler v. Barnhart*, 99 F. App'x 559, 560 (5th Cir. 2004) ("There was no medical opinion or evidence submitted reflecting that, after Butler had two and one-half toes amputated from his left foot, he could perform work requiring standing or walking for six-hour periods

during an eight-hour work day. Thus, there was not substantial medical evidence in the record to support the ALJ's determination."); *Tyler v. Colvin*, No. 3:15-cv-3917-D, 2016 WL 7386207, at \*5 (N.D. Tex. Dec. 20, 2016) (concluding that "the ALJ impermissibly relied on his own medical opinion to develop his RFC determination").

The Court concludes that the ALJ's mental RFC finding is not supported by substantial evidence and the ALJ's failure to consider the opinion of a treating or examining physician to help her determine Plaintiff's mental RFC is material and prejudicial.

## Conclusion

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: June 28, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE